UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL PARALIKAS,

                Plaintiff,        MEMORANDUM AND ORDER
                                             10-CV-3308 (JS)(ETB)
      -against-

FORD MOTOR CREDIT COMPANY, LLC,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:       Michael Paralikas, pro se
                      22 Kirkwood Drive
                      Glen Cove, New York 11542

For Defendant:      No appearances.

SEYBERT, District Judge:

        On July 19, 2010, pro se plaintiff Michael Paralikas ("Plaintiff") commenced this action seeking to vacate an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, and filed the instant application to proceed in forma pauperis. Upon review of the declaration accompanying Plaintiff's application, and for the reasons stated below, the application to proceed in forma pauperis is denied.

        Plaintiff states in his declaration that he is currently employed earning $5,846.00 net per month and that he has $838.82. Plaintiff reports that he owns a one family home valued at $425,000.00 for which he has a monthly mortgage payment of $4,155. Plaintiff also reports that he pays $900.00 per month to support his two children.

        To qualify for in forma pauperis status, the Supreme

Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). Plaintiff's affidavit fails to meet this standard.

Accordingly, plaintiff's motion to proceed in forma pauperis is denied, and he is directed to pay the filing fee within two (2) weeks of the date of this Order or this action will be dismissed. Plaintiff is cautioned that "[a] party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). Indeed, pursuant to the Federal Arbitration Act, a district court may vacate an arbitration award if it exhibits a "manifest disregard of the law," Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004), or in only the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been

2

prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4); Wallace, 378 F.3d at 189 ("[A] motion to vacate filed in a federal court is not an occasion for de novo review of an arbitral award. 'It is well established that courts must grant an arbitration panel's decision great deference.'").

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 3, 2010
Central Islip, New York