```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL PARALIKAS,

                        Plaintiff,           MEMORANDUM & ORDER
                                             10-CV-3308(JS)(ETB)
        -against-

FORD MOTOR CREDIT COMPANY, LLC,

                        Defendant.
----------------------------------------X
```

APPEARANCES
For Plaintiff:      Michael Paralikas, pro se
                    22 Kirkwood Drive
                    Glen Cove, NY 11542

For Defendant:      Paul E. Morrison-Taylor, Esq.
                    Phillips Lytle LLP
                    One HSBC Center, Suite 3400
                    Buffalo, NY 14203

                    Joseph B. Schmit, Esq.
                    Phillips Lytle LLP
                    437 Madison Avenue, 34th Floor
                    New York, NY 10022

SEYBERT, District Judge:

Plaintiff Michael Paralikas ("Plaintiff") commenced this action on July 19, 2010 seeking an order vacating an arbitration decision rendered in favor of Defendant Ford Motor Credit Company ("Defendant"). Presently before the Court is Defendant's motion to dismiss Plaintiff's cause of action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, for

failure to state a claim pursuant to Rule 12(b)(6). For the reasons set forth below, Defendant's motion is GRANTED, and Plaintiff's cause of action is DISMISSED for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff asserts that, on or about May 20, 2009, a repossession company damaged his car in the amount of $2,294.53 while repossessing it on behalf of Defendant. See Paralikas v. Gobal Asset Recovery, Inc., No. HUSC 403-09 (N.Y. Dist. Ct., Suffolk Cnty, Feb. 11, 2010). (Mot. to Vacate, Docket Entry 4, at 6.) Plaintiff subsequently commenced an action against the repossession company in the Small Claims Part of the Suffolk County District Court (Mot. to Vacate, Docket Entry 4, at 1) and arbitration against Defendant[1] to recover in damages the cost of repairing his vehicle.

On November 17, 2009, an arbitrator heard Plaintiff's claim against the repossession company in Small Claims Court and awarded Plaintiff damages in the amount of $2,294.53 plus interest. (Mot. to Vacate, Docket Entry 4, at 4.) The repossession company moved for trial de novo. Then, on January 28, 2010, an arbitrator denied Plaintiff's claim against Defendant. (Mot. to Vacate, Docket Entry 4, at 9.)

---

[1] Plaintiff commenced arbitration against Defendant in accordance with the terms of the credit agreement between the parties (Def. Ex. C).

2

On February 11, 2010, the Suffolk County District Court heard Plaintiff's claim against the repossession company and held that Plaintiff's claim was barred by res judicata:

> "[T]he Court's decision is that it is undisputed that the defendant repossession company damaged the front and rear bumpers of the plaintiff's automobile during the course of repossessing his Lincoln Navigator automobile on or about May 20, 2009 on behalf of Ford Motor Credit Company (hereafter "Ford"). . . .
>
> Normally, Ford would be liable for its agents [sic] negligent acts in damaging plaintiff's automobile. However, the fact that the matter was already submitted to arbitration and resolved therein bars the re-litigation of this dispute under the doctrine of res judicata.

Paralikas, No. HUSC 403-09 (N.Y. Dist. Ct., Suffolk Cnty, Feb. 11, 2010) (citation omitted). (Mot. to Vacate, Docket Entry 4, at 6.)

On July 19, 2010, Plaintiff commenced the present action pro se seeking an order vacating the January 28, 2010 arbitration decision in favor of Defendant. Plaintiff filed a Motion to Vacate the arbitration award (Docket Entry 4) and a motion for leave to proceed in forma pauperis (Docket Entry 2). He did not file a complaint. On November 3, 2010, Plaintiff's motion to proceed in forma pauperis was denied (Docket Entry 6), and, on December 16, 2010, Plaintiff paid the filing fee (Docket Entry 8).

On December 1, 2011, the parties appeared before Magistrate Judge E. Thomas Boyle for an initial pretrial conference. Judge Boyle noted that Plaintiff had not filed a complaint and granted Plaintiff thirty days to do so. (Docket Entry 15.)

Plaintiff never filed a complaint; however, since Plaintiff is proceeding pro se, the Court will construe his Motion to Vacate as his Complaint. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); see also Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008).

On January 25, 2012, Defendant moved to dismiss arguing that: (1) the Court lacked subject matter jurisdiction and (2) Plaintiff failed to state a claim upon which relief may be granted. Plaintiff did not file any opposition.

DISCUSSION

The Court will first address the issue of subject matter jurisdiction because "absent authority to adjudicate, the Court lacks a legal basis to grant any relief, or even consider the action further." Macagna v. Town of E. Hampton, No. 09-CV-3064, 2010 WL 3257729, at *4 (E.D.N.Y. Aug. 16, 2010); see also

4

Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, --- U.S. ----, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Because the Court finds that it lacks subject matter jurisdiction, it will not address Defendant's other arguments.

I. Standard of Review under Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Morrison, 547 F.3d at 170. The Court must accept as true the factual allegations contained in the Complaint, but it will not draw argumentative inferences in favor of Plaintiff because subject matter jurisdiction must be shown affirmatively. See id.; Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1998); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. Makarova, 201 F.3d at 113. Pro se plaintiffs, although entitled to a more liberal pleading standard, must still comport

5

with the procedural and substantive rules of law. See Jedrejcic v. Croatian Olympic Comm., 190 F.R.D. 60, 69 (E.D.N.Y. 1999).

II. Subject Matter Jurisdiction

The jurisdiction of the federal courts is limited; federal jurisdiction only exists when a "federal question" is presented, see 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332. See also Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002). Here, Plaintiff asserts that the Court has federal question jurisdiction. "Federal question jurisdiction exists where a well-pleaded complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

Plaintiff argues that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, provides the Court with federal question jurisdiction. The Court disagrees. Although the FAA allows federal courts to vacate arbitration awards, it "does not confer upon federal district courts subject matter jurisdiction." Perpetual Sec., Inc., 290 F.3d at 136 (citing United States v. Am. Soc. of Composers, Authors & Publishers, 32 F.3d 727, 731

6

(2d Cir. 1994); Harry Hoffman Printing v. Graphic Commc'ns, Int'l Union, Local 261, 912 F.2d 608, 611 (2d Cir. 1990)). Rather, "'[t]here must be an independent basis of jurisdiction before a district court may entertain petitions under the [FAA].'" Id. (quoting Harry Hoffman Printing, 912 F.2d at 611); cf. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ("[The FAA] creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise."). Here, there is no independent basis of jurisdiction: there is no diversity jurisdiction because the amount in controversy is well below the $75,000 threshold and Plaintiff's cause of action is not grounded in federal law. Accordingly, the Court lacks subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction.

The Clerk of the Court is directed to send a copy of this Memorandum and Order to the pro se Plaintiff and mark this matter closed.

7

```
                                        SO ORDERED


                                        /s/ JOANNA SEYBERT_____
                                        Joanna Seybert, U.S.D.J.

DATED:    June 14, 2012
          Central Islip, New York
```